# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **MITCHEL JAMES CHANDLER,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | 1:05CV00658 |
| ) | |
| **SUPT. SMITH,** ) | |
| ) | |
| **Respondent.** ) | |

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Mitchel James Chandler, a prisoner of the State of North Carolina, on August 25, 2004, in the Superior Court of Yadkin County, pled guilty to having no inspection sticker, driving while license revoked, driving left of center, communicating threats, making harassing phone calls, misdemeanor larceny, breaking and entering, felony larceny, attaining habitual felon status, driving while impaired, and habitual impaired driving. Pursuant to Petitioner's plea agreement, the trial court consolidated the charges and Judge Steve A. Balog sentenced Petitioner as an habitual felon in the presumptive range of 121 to 155 months in prison. Petitioner was represented by attorney Andrew G. Brown.

On March 11, 2005, Petitioner filed a *pro se* Motion for Appropriate Relief ("MAR"), which was denied by the MAR court on April 8, 2005. Petitioner then sought review in the North Carolina Court of Appeals by writ of certiorari, attaching and incorporating by reference his MAR. On May 12, 2005, the Court of Appeals denied certiorari. Petitioner filed his *pro se* federal habeas corpus petition in this court on July 26, 2005. Respondent

now moves for summary judgment. (Pleading No. 4.) Petitioner Chandler has moved for appointment of counsel. (Pleading No. 9.)

**Claims of the Petition**

In his petition, Petitioner Chandler claims that: (1) his attorney's failure to file pre-trial motions, failure to interview and subpoena witnesses, failure to investigate the cases against him, failure to advise Petitioner of the law applicable to the charges against him, and failure to advise Petitioner of the consequences of pleading guilty, constitute ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments; (2) Petitioner's being charged with several crimes for the same act or series of acts constitutes double jeopardy in violation of the Fifth and Fourteenth Amendments; and (3) Petitioner's being convicted based on duplicitous indictments constitutes double jeopardy in violation of the Fifth and Fourteenth Amendments; and (4) Petitioner's conviction was obtained by a plea of guilty that was unlawfully induced or not made voluntarily with an understanding of the nature of the charges and consequences of the plea, in violation of the Fifth, Sixth and Fourteenth Amendments.

**Discussion**

Claim (1) – ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments.

Petitioner urges several grounds for his claim of ineffective assistance of counsel. (Pleading No. 1, Pet. at 6-7.) The State maintains that at least some of these grounds were never presented to the MAR court and are therefore unexhausted and procedurally barred.

-2-

Specifically, the State maintains, and the record reflects, that Petitioner did not raise issues concerning counsel's failure to file pretrial motions, failure to interview and subpoena witnesses, or failure to inform Petitioner of the consequences of his guilty plea.

Federal habeas petitioners must fairly present the substance of their habeas claims to the appropriate state courts, including the highest court with the authority to conduct discretionary review. *See* 28 U.S.C. § 2254(b)(1)(A); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Because Petitioner failed to present issues concerning counsel's failure to file pretrial motions, failure to interview and subpoena witnesses, or failure to inform him of the collateral consequences of his guilty plea, those issues would now be procedurally barred under N.C. Gen. Stat. §§ 15A-1419(a)(1) & (b) (2003). Federal review of these issues under Claim (1) is therefore barred. *See generally Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998) (federal courts ordinarily will not review a claim that is procedurally defaulted). Petitioner Chandler has done nothing in this action to show either "cause and prejudice" with respect to his default, or "actual innocence" of the charge against him, permitting review. *See generally Thomas v. Davis*, 192 F.3d 445, 450 n.2 (4th Cir. 1999) (Petitioner can obtain federal review of procedurally defaulted claim only if he can show "cause and prejudice" or "actual innocence."). Accordingly, Petitioner's claim for ineffective assistance of counsel should be dismissed as procedurally defaulted, to the extent that it is based on counsel's alleged failure to file pretrial motions, failure to interview and subpoena witnesses, and failure to inform Petitioner of the collateral consequences of his guilty plea.

-3-

The two other grounds for alleged ineffective assistance of counsel – the alleged failure to file for discovery and the alleged failure adequately to inform Petitioner of the laws applicable to his charges – were sufficiently raised in state court. The MAR court found as follows on these issues:

> It is interesting to note that the defendant's plea was entered only two days after the three felony indictments were returned against him. These indictments exposed the defendant to a potential sentence of three class C (habitual felon) sentences back to back if the defendant was convicted of all and if the court was so inclined. Pursuant to the plea, everything the defendant was charged with at that time, a rather long list, was all consolidated into one class C habitual felon sentence. The defendant freely and voluntarily pled guilty to these (see plea transcript) and this left no time for discovery or a trial strategy to be formulated. It may have been that the District Attorney put this offer on the table only for that one week and the defendant decided to take it and not run the risk that a jury might thereafter convict him of multiple felonies and expose him to even more time than he got. These contentions are not supported by any allegations that the defendant had a defense or what it was or that there was a plausible trial strategy. These contentions are without merit.
>
> The defendant next contends that his attorney never informed him of the laws applicable to his charges and that as a result, his plea was not voluntarily and intelligently made. These contentions are directly contrary to the sworn answers the defendant gave to the court during his plea proceeding. The defendant told the court that his attorney had explained the charges to him, that they had discussed the possible defenses, if any, and that he was satisfied with the services of his attorney. The defendant admitted that he was in fact guilty of the charges. These contentions of the defendant in his MAR are totally inconsistent with his sworn answers on his plea transcript and are without merit. The remainder of the defendant's MAR contains numerous quotes regarding what is expected of an attorney but the court sees nothing in them that the defendant supports and that his attorney failed in regards to. These remaining contentions are without merit.

-4-

Case 1:05-cv-00658-WLO-PTS   Document 10   Filed 02/17/06   Page 4 of 11

(Pleading No. 5, Resp't Br., MAR Order at 2-3.) The MAR court rejected Petitioner's claim of ineffective assistance and dismissed his MAR.

This Court reviews the state court's adjudication of Petitioner's claim under the deferential standard established in 28 U.S.C. § 2254(d)(1). Under that section, findings of fact supporting the adjudication are presumed correct unless Petitioner presents clear and convincing evidence to rebut the presumption of correctness 28 U.S.C. § 2254(e)(1). The court may not grant a habeas petition unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Applying this standard of review, this Court finds that Petitioner's ineffective assistance of counsel claim is without merit. Petitioner has not presented clear and convincing evidence to rebut the factual findings made by the MAR court. Moreover, on the facts as shown by the record, the MAR court reasonably applied the law. Under *Strickland v. Washington*, 466 U.S. 668 (1984), a petitioner must show that his attorney acted in an objectively unreasonable fashion and that this unreasonable representation prejudiced the petitioner. *Id.* at 687-96. Counsel is strongly presumed to offer effective assistance and a court should apply a "heavy measure of deference" to an attorney's decisions. *Id.* at 690-91. To prove ineffective assistance in the guilty plea context, a petitioner must demonstrate that his attorney acted in an objectively unreasonable fashion and that, absent the dereliction,

there is a reasonable probability that an objectively reasonable person in his shoes would not have pled guilty and would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 60 (1985).

Petitioner does not point to, and there is no evidentiary basis for finding, that Petitioner did not commit the underlying felonies for which he could have been subject to multiple sentences. Petitioner makes conclusory statements in his petition concerning his attorney's deficient performance, but points to no specific deficiencies. Petitioner swore in open court that his attorney had explained the nature of the charges against him, that he understood those charges, and that he understood every element of each charge. He swore that he and his attorney discussed possible defenses and that he was satisfied with his attorney's legal services. Both the prosecutor and defense counsel signed the printed transcript of plea form, certifying the accuracy of its terms and conditions. The record does not suggest that counsel gave Petitioner bad advice. Rather, it suggests that Petitioner took the opportunity, during the limited time that it existed, to reduce the sentence to which he would be exposed if convicted of three separate felonies.

Nor does Petitioner describe how he was prejudiced by pleading to a charge of being a habitual felon. The record indicates that Petitioner received the presumptive sentence applicable to his charge of conviction and habitual felon status. Although Petitioner argues that certain North Carolina statutes were applied incorrectly in the calculation of his sentence, Petitioner does not contest the veracity of his underlying criminal record or the

-6-

nature of the offenses with which he was charged. Moreover, as the MAR court noted, any errors in calculation of the sentence benefitted Petitioner. There exists no reasonable probability of an outcome more favorable to Petitioner but for error by counsel.

Accordingly, this Court finds the decision of the MAR court to be a reasonable application of clearly established federal law. Petitioner's Claim (1) should be denied on the merits.

<u>Claims (2) and (3) – being charged with several crimes for the same act or series of acts and being convicted based on duplicitous indictments constitutes double jeopardy in violation of the Fifth and Fourteenth Amendments.</u>

Petitioner's argument under Claims (2) and (3) is that he was subjected to double jeopardy because he was charged with multiple offenses arising from the same act or series of acts and/or because "multiplicious indictments raised the risk of a prejudicial evidentiary hearing and prevented adequate sentencing." Pet. at 7-11, 9.

The State maintains that Petitioner did not fairly present the double jeopardy argument in his MAR and that it is therefore procedurally defaulted. In his MAR, Petitioner checked the portion of the form petition that references double jeopardy, and quoted from the seminal case of *Blockburger v. United States*, 284 U.S. 299 (1932). *See* MAR ¶¶ (7) (g), (6), and unnumbered attachment p. 2 (quoting *Blockburger* for principle that "[w]hether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not").

The State argues that the MAR court did not address Petitioner's constitutional argument, but only resolved the state statutory arguments. In the factual background portion of his MAR, Petitioner stated that:

> 2. The State used the same convictions to establish both habitual Felon status and prior record level, which is prohibited by G.S. 14-7.6. 3. The state used more than one conviction during the same calendar week to increase defendant's prior record level, which is prohibited by G.S. 15A-1340.14(d).

MAR ¶ (2). However, this Court finds that Petitioner sufficiently raised the constitutional double jeopardy argument – that he was charged with different offenses based on the same conduct – and that the claim was denied by the MAR court.

Reviewing the MAR court's denial of the double jeopardy claim, this Court finds that the state court's adjudication of the claim did not rest on fact findings rebutted by clear and convincing evidence, nor did it result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . ." The very case Petitioner cites stands for the principle that there is no prohibition on being indicted for different offenses based on the same course of conduct as long as each of the offenses contains an element not contained in the others. *See Blockburger*, 284 U.S. at 304; *United States v. Dixon*, 509 U.S. 688, 704 (1993). Petitioner has not shown that each of the offenses with which he was charged had the same elements. The multiple charges, which did not violate the constitutional principle of double jeopardy, in turn made him eligible for status as a habitual felon.

For these reasons, the Court recommends denial of Petitioner's Claims (2) and (3) for double jeopardy.

Claim (4) – Petitioner's conviction was obtained by a plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charges and consequences of the plea, in violation of the Fifth, Sixth and Fourteenth Amendments.

Petitioner claims that his plea was unlawfully induced or was otherwise involuntary. To the extent that this claim overlaps with Claim (1) -- the claim of ineffective assistance of counsel -- the Court relies on its analysis of Claim (1). To the extent that the claim rests on the argument that the plea was not knowing and voluntary, the longstanding test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970); *Boykin v. Alabama*, 395 U.S. 238 (1969).

Petitioner swore in open court that he understood the rights he was waiving; that he was indeed guilty; that he personally accepted the terms of his plea arrangement as specified on the form (that the charges be consolidated into one felony charge to be sentenced as a habitual felon); that he pled guilty by his own free will, fully understanding what he was doing; and that he did not have any questions concerning his case. The Petitioner, the prosecutor, defense counsel and presiding judge all signed the printed transcript of plea proceedings, certifying the accuracy of its terms and conditions. (Pleading No. 5, Resp't Br., Tr. of Plea.) These statements carry "a strong presumption of verity" and "constitute a

formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Petitioner has not overcome this barrier.

For these reasons, the Court recommends denial of Petitioner's Claim (4) that his plea was not knowing or voluntary.

## Motion for Appointment of Counsel

Petitioner Chandler has moved for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). (Pleading No. 9.) The Court granted Petitioner's request to proceed *in forma pauperis*, and Petitioner now moves the Court to appoint counsel based on his lack of resources and lack of legal training.

Federal habeas corpus proceedings carry no constitutional right to representation. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984) (there is no right to counsel in civil cases). Nevertheless, a court may request an attorney to represent any person unable to afford counsel, *see* 28 U.S.C. § 1915(e)(1), and in its discretion, may appoint counsel where the interests of justice so require in habeas cases. 18 U.S.C. § 3006A(a)(2)(B). These federal statutes do not create a *right* to counsel. It is entirely in the court's discretion to determine whether, on the facts of each case, it is appropriate to appoint counsel. Generally speaking, the appointment of counsel is allowed only in exceptional cases. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975).

Courts in this Circuit typically consider several factors in deciding a motion to appoint counsel: (1) the plaintiff's financial ability to retain an attorney; (2) the efforts of the plaintiff

to retain counsel; and (3) the merits of the case. *See Whisenant,* 739 F.2d at 163; *Tyson v. Pitt County Gov't*, 919 F. Supp. 205, 206-07 (E.D.N.C. March 28, 1996) *(citations omitted)* (unpublished opinion)(Osteen, J.). Another factor often considered is whether the plaintiff is capable of representing himself. *Hunter v. Dep't of the Air Force Agency*, 846 F.2d 1314, 1317 (11th Cir. 1988); *Poindexter*, 737 F.2d at 1185.

Having considered these factors, the Court finds that Petitioner has failed to show that he is entitled to court-appointed counsel. It is not apparent to the Court that Petitioner has a colorable claim, and review of Petitioner's pleadings and other filings reveals that he is competent to represent himself in this matter. Accordingly, Petitioner's motion for appointment of counsel is **DENIED.**

### Conclusion

For the reasons set forth above, **IT IS RECOMMENDED** that the State's motion for summary judgment (Pleading No. 4) be granted, and that the habeas petition of Mitchel James Chandler be dismissed with prejudice. **IT IS FURTHER ORDERED** that Petitioner's motion for appointment of counsel (Pleading No. 9) is **DENIED**.

　　　　　　　　　　　　　　　　　/s/ P. Trevor Sharp
　　　　　　　　　　　　　　　United States Magistrate Judge

Date: February 17, 2006